**Tyrone v. O'Neill**

*Alexander J. Palamarchuk*, for plaintiff.
*Nancy D. Wasser* and *Michael F. Henry*, for defendants.

McDEVITT, *J.*, June 1, 1979—The named plaintiffs herein are juveniles who seek equitable relief from alleged violations of their rights committed by officers of the Philadelphia Police Department. Said plaintiffs purport to represent all other juveniles similarly situated in the city, and on behalf of that class, ask the court to restrain defendants from: 1. Fingerprinting and photographing children who are taken into custody by the police; 2. Detaining juveniles in police lock-ups for excessive periods of time and/or transporting them to the Roundhouse without releasing them to their parents or bringing them to a juvenile facility without unreasonable delay; 3. Commingling children's law enforcement records with those of arrested adults; 4. Detaining and photographing children when there is neither probable cause or reasonable grounds to arrest them.

At the outset, it seems obvious that plaintiffs do not satisfy the prerequisites for maintenance of a class action under Pa.R.C.P. 1702. That provision mandates that such an action can only be pursued if, inter alia, there are questions of law or fact common to the class; and the claims or defenses of

the representative parties are typical of the claims or defenses of the class. At the hearing herein, plaintiffs failed to present sufficient testimony to meet these requirements. Neither did their counsel present any authority for use of the class action vehicle in this context. A myriad of varying fact situations would necessarily arise from contacts between the police and juveniles in a city of two million persons. We therefore cannot accept plaintiffs' unsubstantiated allegation that their three cases are representative of all others.

As to particular facts in plaintiffs' own cases, it is significant that plaintiff Joseph H. entered into a consent decree, pursuant to the Juvenile Act of December 6, 1972, P.L. 1464, 11 P.S. §50-305 [repealed, see now Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §6340], after a petition charging delinquency was filed against him. This decree was entered over the objection of the Commonwealth on April 26, 1979, when Joseph was represented by counsel from the same agency that is now pursuing the instant action. In consenting to the decree, counsel waived his right to require findings and adjudication by the court. Therefore, Joseph failed to exhaust an available statutory remedy and is therefore precluded from seeking relief in equity.

As for the other two plaintiffs, each of them filed motions to suppress in their respective cases, which were still pending at the time of the hearing herein. Of course, any one of the three juveniles has a right to seek damages for the alleged violation of his rights in an action for false imprisonment or false arrest. Such an action, directed at the culpable officers as well as the city, is the usual method of attacking police misconduct. We regard that kind of suit as an adequate remedy which should be pur-

sued by plaintiffs in preference over the novel equitable relief sought in the present action.

We have no doubt that in a city of this size, with its attendant problems of juvenile crime, some violations of rights are committed by police officers in dealing with youngsters suspected of criminal acts. We in no way condone these violations, and those juveniles with grievances should pursue them through the appropriate action at law.

At the same time, we enter no finding that police infringements on juvenile rights occur on a systematic basis. Absent such a finding, there is no justification for intercession by a court of equity. We should note that the police department has taken cognizance of the problems relating to juvenile apprehension through the adoption of Directive 95 (dated January 30, 1979), titled Juveniles in Police Custody. This comprehensive document states, inter alia:

"Once a juvenile has been taken into a police facility he/she should not be transferred to another district/unit for investigation except as specified in this directive.

• • •

"The parents, guardians or other custodian of the juvenile shall immediately be notified by the Operations Room Supervisor that the juvenile has been taken into custody, and of the actual or intended place of detention.

• • •

"The Operations Room Supervisor in the district where the juvenile is detained will:

"Ensure that the juvenile is detained in the district juvenile detention area, separate from any adult prisoner.

"If the divisional detectives want to question the juvenile ensure that the questioning takes place in the district juvenile facility area and not in the detective division."

Those instances of police "overreaching" must necessarily be considered on a case by case basis which properly focuses on the individual facts at issue. Defendants' preliminary objections are therefore sustained and plaintiffs' petition is denied.